IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONNIE LEE TAYLOR-YOUNG,

        Petitioner,               OPINION & ORDER

   v.                                  16-cv-438-wmc
                                       12-cr-147-wmc

UNITED STATES of AMERICA,

        Respondent.

---

Petitioner Donnie Lee Taylor-Young has filed a motion for post-conviction relief under 28 U.S.C. § 2255.[1] He argues that he is entitled to a reduction in his sentence under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the vagueness of the "residual clause" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the due process clause of the Fifth Amendment. Because the decision in *Johnson* does not apply to his situation, however, his petition must be denied.

## OPINION

Under § 924(e), a defendant is subject to a significantly greater sentence if the court finds that, among other things, the defendant has three prior felonies for either a violent felony or serious drug offense. A "violent felony" is defined as a crime that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii)   is burglary of a dwelling, arson, or extortion, involves use of

---

[1] This is petitioner's first motion for post-conviction relief, so he does not need the permission of a panel of the Court of Appeals for the Seventh Circuit to proceed. 28 U.S.C. § 2255(h).

1

> explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court found the italicized language at the end of subsection (ii) above -- the so-called "residual clause" -- is too vague to satisfy due process guaranteed by the United States Constitution. The Supreme Court subsequently held that *Johnson* applies retroactively. *Welch v. United States*, 136 S. Ct. 1257 (Apr. 18, 2016).

While petitioner believes that *Johnson* applies, his sentence did not arise under § 924(e)(2)(B)(ii). Following an indictment for brandishing a firearm during a robbery, he pled guilty to use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Accordingly, he was sentenced under that statute, which neither implicates § 924(e)(2)(B) nor involves consideration of past crimes. But that does not resolve this question because the Seventh Circuit has held that the reasoning in *Johnson* applies to convictions under § 924(c) that included an enhancement under § 924(c)(3)(B). *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

Under § 924(c)(1), a mandatory minimum sentence applies to "any person who, during and in relation to any crime of violence or drug trafficking crime" uses or carries a firearm. Unlike the definition of a "violent felony" considered by the Court in *Johnson*, a "crime of violence" is defined as a felony offense that:

- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

- (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). In *Cardena*, the Seventh Circuit acknowledged that the definition of "crime of violence" under subsection (B) is "virtually indistinguishable" from the residual clause addressed in *Johnson* and held that enhancements under subsection (B) would be unconstitutional. *Cardena*, 842 F.3d at 996. However, the court likewise held that an enhancement under subsection (A) may be sustained. While this left the question of whether a Hobbs Act robbery falls under § 924(c)(3)(A) or (B), the Seventh Circuit also answered this question in the affirmative in *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)(**A**)." (emphasis added)), *remanded on other grounds*, No. 16-9411, – U.S. –, 2017 WL 2378833 (U.S. Oct. 2, 2017). Given that Taylor-Young pled guilty to a Hobbs Act robbery, he waived this challenge. *See United States v. Wheeler*, 857 F.3d 743, 744 (7th Cir. 2017) ("[A] person who pleads guilty to a § 924(c) charge cannot use *Johnson* and *Cardena* to reopen the subject."). Regardless, the holdings in *Johnson*, *Welch*, and *Cardena* have no impact on his sentence, and his petition must be denied. As such, the court will also deny his pending motions (dkts. #2, #3) as moot.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because Taylor-Young has not made a substantial showing of a denial of a constitutional right, no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Taylor-Young is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Taylor-Young's motion for post-conviction relief under 28 U.S.C. § 2255, the Motion for Production of Transcripts (dkt. #2), and Motion for Leave to Proceed *In Forma Pauperis* (dkt. #3) are all DENIED. IT IS FURTHER ORDERED that no certificate of appealability shall issue. Taylor-Young may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 26th day of October, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge